Entered on Docket
February 22, 2011
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed and Filed: February 18, 2011

_____
THOMAS E. CARLSON
U.S. Bankruptcy Judge

MCNUTT LAW GROUP LLP
SCOTT H. MCNUTT (CSBN 104696)
MARIANNE M. DICKSON (CSBN 249737)
188 The Embarcadero, Suite 800
San Francisco, California 94105
Telephone: (415) 995-8475
Facsimile: (415) 995-8487

Attorneys for Peacock Gap Properties, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br>PEACOCK GAP PROPERTIES, LLC,<br>Debtor. | Case No. 09-34161 TEC<br><br>Chapter 11<br><br>**ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN**<br><br>Judge: Hon. Thomas E. Carlson<br>Date: February 18, 2011<br>Time: 9:30 a.m.<br>Place: 235 Pine Street, 23rd Floor<br>San Francisco, California |

A plan confirmation hearing was held before the Honorable Thomas E. Carlson, United States Bankruptcy Judge, on February 18, 2011 at 9:30 a.m. (the "Confirmation Hearing") to determine whether the Debtor's proposed Second Plan of Reorganization (the "Plan") [Doc. No. 182] should be confirmed. Appearances were noted on the record.

The Confirmation Hearing, having been duly noticed to all creditors, all interest holders, the Office of the United States Trustee, and all other parties entitled to notice; the Debtor having proven by a preponderance of evidence that the proposed Plan meets all the requirements for confirmation; and objections to confirmation of the Plan having been resolved prior to the Confirmation Hearing:

THE COURT FINDS that

A. Due and proper notice of the Confirmation Hearing has been given to all parties entitled to notice;

B. The Debtor provided "adequate disclosure" within the meaning of Bankruptcy Code § 1125(a) with respect to the Plan and the solicitation of acceptances thereon;

C. The Plan has been proposed in good faith and not by any means forbidden by law;

D. The Plan complies with the applicable provisions of the Bankruptcy Code;

E. The proponent of the Plan has complied with all applicable provisions of the Bankruptcy Code;

F. The Plan meets all provisions of 11 U.S.C. § 1129 (a)(1) – (16), except for 11 U.S.C. § 1129(a)(8). However, the Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims and interests that are impaired but have not accepted the Plan and meets the provisions of 11 U.S.C. § 1129(b);

G. As provided by the Plan and the ORDER APPROVING SALE PROCEDURES, INCLUDING OVERBID PROCEDURES IN CONNECTION WITH PROPOSED SALE CONTEMPLATED IN DEBTOR'S FIRST [sic] AMENDED PLAN [Doc. No. 192], no competing bids were submitted for the purchase of substantially all of the Debtor's assets as provided in the Plan;

H. The purchase price offered by Peacock Gap Holdings, LLC ("PG Holdings") as set forth in the Plan and Second Amended Disclosure Statement [Doc. No. 183] is the highest and best price offered for the assets ("Purchase Price"). The Purchase Price consists of waiver of an $8,000,000 secured claim against Debtor, payment of $531,000 in delinquent property taxes, payment of $250,000 in cash, waiver of the repayment of a $150,000 DIP loan facility (to the extent needed to satisfy unpaid administrative expenses), and payment of an additional $50,000 in cash to the extent needed to fund unpaid administrative expenses;

I. Confirmation of the Plan is in the best interests of creditors; and

J. As provided in the ORDER APPROVING STIPULATION TO EMPLOY RAJIV PARIKH AS INTERIM MANAGER [Doc. No. 133], the Court has earlier appointed Rajiv Parikh as the interim manager of Debtor's facilities, and as the result of the sale of Debtor's assets Mr. Parikh's employment is no longer necessary.

Accordingly, and good cause appearing therefor,

IT IS HEREBY ORDERED that

1. The Plan is confirmed with the following amendments:

    a. Debtor shall file its monthly operating reports and remit payment of U.S. Trustee fees for the third and fourth quarters of 2010 by February 25, 2011; and

    b. Section VII.A. of the Plan is amended to provide as follows:

**A. Provisions Regarding Limitation of Liability and Discharge of Debtor**

None of the Debtors, their respective affiliates, nor any of their respective members, officers, directors, shareholders, employees, and other agents, advisors, and Professionals will have or incur any liability to any Creditor or Interest holder or to any other person for any act or omission in connection with or arising out of the negotiation, preparation, and pursuit of confirmation of the Plan, the approval of the Disclosure Statement, or the confirmation of the Plan, absent gross negligence or willful misconduct. Pursuant to 11 U.S.C. Section 1141(d)(3), the reorganized Debtor is not entitled to a discharge.

2. Debtor is deemed to have executed and is authorized to execute and take all steps required to perform under its Asset Purchase Agreement (the "APA") [Doc. No. 185] with PG Holdings for the purchase and sale of substantially all of the Debtor's assets as set forth in the APA (the "Purchased Assets") and the Purchased Assets are hereby transferred to PG Holdings effective 12:00 a.m. February 19, 2011 (the "Transfer Date"). Debtor shall execute any and all documents necessary to effectuate the APA and any of its provisions. As of the Transfer Date, PG Holdings shall be liable for all claims and expenses arising from and entitled to all rights and benefits related to the Purchased Assets and the business as a going-concern.

3. The Debtor's California Department of Alcoholic Beverage Control on-sale general eating place license No. 47-425562, issued to it at 333 Biscayne Drive, San Rafael, California, is hereby transferred to PG Holdings effective as of the Transfer Date. All other licenses or permits issued to the Debtor to are hereby transferred to PG Holdings effective as of the Transfer Date.

206436.1
Case: 09-34161 Doc# 269 Filed: 02/18/11 Entered: 02/22/11 17:53:55 Page 3 of 4

1 | The purchase price for the licenses and permits is included in the Purchase Price.
2 |     4. To the extent unpaid, PNCEF, LLC's stipulated allowed administrative claim shall
3 | be paid in full as an Non-Classified Claim in accordance with the Plan and the parties' stipulation
4 | [Doc. No. 178].
5 |     5. Mr. Parikh's services as Interim Manager shall end as of the Transfer Date.
6 | *** END OF ORDER ***